NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 21 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MILITZA MARTINEZ-FELIX,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 22-846

Agency No.
A202-009-707

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2025[**]
Phoenix, Arizona

Before: HAWKINS, HURWITZ, and COLLINS, Circuit Judges.

Militza Martinez-Felix seeks review of a decision by the Board of

Immigration Appeals ("BIA") dismissing her appeal of the decision of an

immigration judge ("IJ") denying her application for cancellation of removal under

8 U.S.C. § 1229b(b). We have jurisdiction under 8 U.S.C. § 1252. *Wilkinson v.*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Garland*, 601 U.S. 209, 217 (2024). Where, as here, "the BIA issues its own decision but relies in part on the [IJ's] reasoning, we review both decisions." *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 702 (9th Cir. 2022) (cleaned up). We deny the petition.

Contrary to Martinez-Felix's contention, the BIA did not engage in impermissible fact-finding when it observed that Martinez-Felix "indicated that she had family in Mexico she would be able to live with, which should help with her transition." *See Ridore v. Holder*, 696 F.3d 907, 920–22 (9th Cir. 2012) (BIA's discretionary judgment regarding how to weigh certain facts in connection with application for cancellation of removal does not amount to impermissible fact-finding).

The record similarly does not support Martinez-Felix's contention that the agency failed to consider certain testimony and country conditions evidence. The IJ stated that he reviewed all the evidence when rendering the decision, and Martinez-Felix has not overcome the presumption that the IJ did just that. *See Cruz v. Bondi*, 146 F.4th 730, 740–41 (9th Cir. 2025) (petitioner must overcome presumption that agency did review all evidence where the agency plainly stated it reviewed the record).

**PETITION FOR REVIEW DENIED.**